COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA A. SPEARMAN, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>EQUIFAX INFORMATION SERVICES LLC, a Foreign Limited-Liability Company; EXPERIAN INFORMATION SOLUTIONS, INC., a Foreign Corporation; and TRANS UNION LLC, a Foreign Limited-Liability Company,<br><br>          Defendants. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Patricia A. Spearman (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendants as follows:

**I.     PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney fees brought pursuant to the Fair Credit Report Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

### A. JURISDICTION OF THE COURT

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

### B. VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

## III. PARTIES

4. Plaintiff is a natural person and resident of the State of Nevada.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. This matter involves three entities in the business of furnishing credit reports. Equifax, Experian, and Trans Union will be collectively known as the "Credit Bureaus."

7. Upon information and belief, Equifax Information Services, LLC (hereinafter "Equifax") is a foreign entity licensed in the State of Georgia and authorized to do business in the State of Nevada.

8. Upon information and belief, Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

9. Upon information and belief, Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a foreign entity incorporated under the laws of the State of California and authorized to do business in the State of Nevada.

10. Upon information and belief, Defendant Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

11. Upon information and belief, Defendant, Trans Union LLC (hereinafter "Trans Union"), is a foreign entity licensed in the State of Illinois and authorized to do business in the State of Nevada.

12. Upon information and belief, Defendant, Trans Union, is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

**IV.    GENERAL ALLEGATIONS**

13. Plaintiff had a student loan serviced by Nelnet (hereinafter the "Nelnet Discharged Student Loan Debt").

14. Plaintiff received a Total and Permanent Disability determination in her favor from the U.S. Dept. of Education in the middle of 2019.

15. The result of the TPD determination was that Plaintiff was relieved of her obligation to pay the Nelnet serviced account by virtue of the August 19, 2019, Presidential Memoranda indicating those disabled veterans who qualify are discharged from payment of the education debt.

16. Plaintiff was discharged from payment of the debt in 2019 based on her veteran disability status.

17. Plaintiff disputed the issue with each of the Credit Bureaus enclosing the necessary documents confirming the discharged student loan debt.

18. The reason was that Nelnet reported Plaintiff as late on the Nelnet Discharged Student Loan Debt Account from January 2019 to through May 2019, and reaching a maximum late notation of 120-days.

19. The basis of Plaintiff's dispute was Nelnet could not report the account as past due based on her disability determination.

20. Each of the Credit Bureaus continued to publish false information that Plaintiff was late on the Nelnet Discharged Student Loan Debt Account despite the fact she had been discharged from the obligation by the U.S. Dept. of Education.

21. Nelent furnished false information to the Credit Bureaus.

22. The Credit Bureaus failed to conduct a thorough investigation into this dispute.

**V.    CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Against the Credit Bureaus**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

23. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

24. The Credit Bureaus violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files published and maintained by the Credit Bureaus concerning Plaintiff.

25. As a result of this conduct, action and inaction of the Credit Bureaus, Plaintiff suffered damage loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

26. The Credit Bureaus' conduct, action and inaction was willful, rendering the Credit Bureaus liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Credit Bureaus were negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

27. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**SECOND CLAIM FOR RELIEF**
Against the Credit Bureaus
(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)

28. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

29. The Credit Bureaus violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Nelnet; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source the Credit Bureaus had reason to know is unreliable.

30. As a result of this conduct, action and inaction of the Credit Bureaus, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

31. The Credit Bureaus' conduct, action and inaction was willful, rendering the Credit Bureaus liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

32. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants, on all counts, for the following:

1. Declaratory judgment that Defendants' conduct violated the FCRA;
2. Actual damages;
3. Statutory damages;

4. Punitive damages;

5. Costs and reasonable attorney fees; and

6. For such other and further relief as the Court may deem just and proper.

## VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 9th day of October, 2020.

COGBURN LAW

By: */s/Erik W. Fox*
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*